UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IRENE PEREZ,

    Plaintiff,

v.                                            Case No.:  8:22-cv-972-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Irene Perez seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

   **A.**    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

C.  **Procedural History**

Plaintiff filed an application for supplemental security income benefits on November 22, 2019, alleging disability beginning on September 20, 2017. (Tr. 82, 191-95). Plaintiff later amended her alleged onset date of November 22, 2019, the

application date. (Tr. 39). The application was denied initially and on reconsideration. (Tr. 82, 96). Plaintiff requested a hearing and on August 17, 2021, a hearing was held before Administrative Law Judge ("ALJ") Amber Downs. (Tr. 32-60).[1] On August 30, 2021, the ALJ entered a decision finding Plaintiff not under a disability since November 22, 2019, the date the application was filed. (Tr. 27).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on February 28, 2022. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on April 26, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 18).

### D.  Summary of ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 22, 2019, the application date. (Tr. 22). At step two, the ALJ found that Plaintiff had the following severe impairments: "Spine disorders, osteoarthritis, gastritis, and obesity." (Tr. 22). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed

---

[1] A prior hearing was held on April 8, 2021, before ALJ Downs. At that hearing, Plaintiff was unrepresented. (Tr. 65-66). Plaintiff requested help with her case. (Tr. 67). The ALJ continued the hearing to allow Plaintiff an opportunity to obtain assistance. (Tr. 67-68). Plaintiff retained counsel who appeared on her behalf at the August 2021 hearing.

impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (Tr. 23).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 416.967(b). Function by function, the claimant remains able to lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk 6 hours in a workday, sit 6 hours in a workday, and push and/or pull as much as she can lift and/or carry. She can never climb ladders, ropes, or scaffolds, occasionally climb ramps and stairs, kneel, crouch, and crawl, and frequently balance and stoop. She can have frequent exposure to unprotected heights, moving mechanical parts, humidity and wetness, extreme cold, extreme heat, and vibration.

(Tr. 23). At step four, the ALJ found Plaintiff had no past relevant work. (Tr. 26). At step five, the ALJ found that considering Plaintiff's age (48 years old on the application date), education (limited), work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 26). The vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1) cafeteria attendant, DOT 311.677-010, light, unskilled, SVP 2

(2) stocker checker apparel, DOT 299.677-014, light, unskilled, SVP 2

(3) cleaner housekeeping, DOT 323.687-014, light, unskilled, SVP 2

(Tr. 27). The ALJ concluded that Plaintiff had not been under a disability since November 22, 2019, the date the application was filed. (Tr. 27).

## II.     Analysis

On appeal, Plaintiff raises the issue of whether the ALJ erred in substituting her opinion for all medical opinion evidence of record. (Doc. 22, p. 6). Plaintiff contends that the only opinion that contained Plaintiff's ability to perform work-related activities was from Dr. Stephens, a medical advisor to the State Disability Determination Service. (Doc. 22, p. 6). Plaintiff argues that even though Dr. Stephens found Plaintiff limited to sedentary work, with the ability to lift ten pounds occasionally and ten pounds frequently, stand or walk for four-hours in an eight-hour workday, and sit for six hours in an eight-hour workday, the ALJ gave this opinion only partial weight and found Plaintiff capable of performing work at the light exertional level. (Doc. 22, p. 7). Thus, unlike Dr. Stephen's limitation findings, the RFC allowed for lifting or carrying twenty pounds occasionally, and standing or walking for six hours in a workday. (Tr. 23).

The Commissioner argues that the ALJ explained her RFC findings were supported by the treatment records and other objective medical evidence showing no significant musculoskeletal findings. (Doc. 23, p. 3). The Commissioner also argues that the ALJ was partially persuaded by the prior administrative medical findings of the State agency medical consultants and incorporated into the RFC the

non-exertional limitations found by these state agency medical consultants. (Doc. 23, p. 4-5). The Commissioner contends that the ALJ is not required to defer to the prior administrative medical findings and it is the ALJ's – not a doctor's – responsibility to assess the RFC. (Doc. 23, 5-6). The Commissioner also claims that the record was sufficiently developed for the ALJ to assess Plaintiff's RFC and substantial evidence supports the ALJ's finding. (Doc. 23, p. 7).

An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations secondary to her established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*.

At step four, the task of determining a claimant's RFC and ability to work rests with the administrative law judge and not with a doctor. *Moore v. Comm'r of Soc. Sec.*, 649 F. App'x 941, 945 (11th Cir. 2016); *see also Castle v. Colvin*, 557 F.

App'x 849, 853-54 (11th Cir. 2014), *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 924 (11th Cir. 2007). That said, an ALJ may not "'may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional.'" *Williams v. Barnhart*, 140 F. App'x 932, 934 (11th Cir. 2005) (quoting *Marbury v. Sullivan*, 957 F.2d 837, 840–41 (11th Cir.1992)). But an ALJ can reject a physician's opinion when the evidence supports a contrary conclusion. *Id.* Indeed, while an ALJ may not make medical findings, an ALJ has the responsibility to resolve conflicting medical opinions. *Ybarra v. Comm'r of Soc. Sec.*, 658 F. App'x 538, 543 (11th Cir. 2016).

Plaintiff argues that the ALJ substituted her opinion for that of Dr. Stephen's opinion, a State agency medical consultant. (Doc. 22, p. 6-7). At the initial level, Patricia Stephens, M.D. completed a Disability Determination Explanation. (Tr. 70-80). And at the reconsideration level, Andrew Scanameo, M.D., a State agency medical consultant, completed the same form. (Tr. 83-95). Both opinions contained similar findings and concluded Plaintiff was able to perform work at the sedentary level. (Tr. 80, 94). Both Drs. Stephens and Scanameo explained:

> Claimant alleges disabling hypertension, and review of MER [medical evidence of record] indicates she has a diagnosis of HTN [hypertension], and she is being treated for it, but she does not have objective evidence of EOD [established onset date] in the MER. Claimant alleges disabling arthritis, but her imaging does not support severe arthritis. Her MOB [morbid obesity] appears to intensify her pain to some degree from this mild arthritis. At her CE exam, a grip and upper extremity strength of 3/5 bil[aterally] was noted, but we do not have a[n] MDI [medically determinable impairment] that supports this. Her CE examiner hypothesized that she may have RA

> [rheumatoid arthritis], but she had no swelling, redness, or tenderness of her hands or joints. Her hand x-rays did not show and evidence of arthritis. Claimant alleges disabling GERD, and she is noted to have GERD on her EGD, but she has no history of GI bleed or weight loss from this. Claimant alleges disabling anemia but her most recent hemoglobin is 10.5. Her gyn note after her polyp removal noted she was not having abnormal bleeding since the removal. She does not have a history of transfusions for her anemia. Claimant alleges disabling abdominal pain, but the MER does not support this allegation. Claimant allegations are only partially consistent with the objective evidence in the record. Claimant's MDIs, exacerbated by her MOB, combine to lead to a reduced residual functional capacity as evidenced by this RFC, and the RFC has been reduced accordingly to reflect the work capacity that it is feasible to be obtainable given her medical conditions. Claimant's allegation of pain has been included in this evaluation, and it contributes to many of her above noted limitations.

(Tr. 79; *see also* Tr. 93).

In the decision, the ALJ considered Drs. Stephens' and Scanameo's opinions and found them partially persuasive. (Tr. 25). The ALJ found:

> In determining the claimant's residual functional capacity, the undersigned is partially persuaded by the assessments of the State agency medical consultants, Patricia Stephens, M.D., and Andrew Scanameo, M.D., as they largely rely on the clinical findings contained in Dr. Lebowitz's report. After review of the record, Dr. Stephens and Scanameo opined the claimant could perform sedentary level exertion with some postural and environmental limitations. (Exhibits 1A, 3A) The undersigned incorporated the nonexertional limits assessed by Drs. Stephens and Scanameo into the residual functional capacity. However, the undersigned finds the exertional limits assessed are more restrictive than what is supported by the claimant's treatment records.

(Tr. 25).

The ALJ then explained why she deviated from Drs. Stephens and Scanameo's sedentary-level finding. (Tr. 25-26). She reviewed: March 2020 x-rays of both knees, which were unremarkable; bilateral hand x-rays, which were also unremarkable with no arthritis appreciated; and lumbar spine x-rays, which showed only slight curvature of the lumbar spine with convexity to the right – which might have been postural, marginal osteophyte formation on the right at L1-L2 and L2-L3, anterior osteophyte formation from T12-L1 through L3-L4, disc heights preserved, and intact lumbar pedicles and SI joints. (Tr. 25). These observations mirror those of Drs. Stephens and Scanameo as to the x-ray findings. (*See* Tr. 79, 93).

The ALJ then reviewed Plaintiff's treatment records and acknowledged that she endorsed chronic back pain. (Tr. 25). The ALJ also noted that Plaintiff had no radiation of pain or weakness, no tenderness, swelling, or deformity, had normal range of motion, and normal gait. (Tr. 25). The ALJ recounted that the record contains no evidence that Plaintiff sought specialized treatment for any musculoskeletal, rheumatological, or neurological condition. (Tr. 25). For these reasons as well as others, the ALJ concluded, "[a]fter careful review of the record, the undersigned finds that the claimant's treatment records to include the x-rays discussed above support the findings that the claimant can perform a wide range of light level exertion." (Tr. 25).

The ALJ also discussed Plaintiff's obesity and found that Plaintiff's treatment records showed her musculoskeletal examinations revealed no significant abnormalities and there was no evidence of deficits in motor strength, sensation, or reflexes. (Tr. 26). The ALJ also noted that her cardiovascular and pulmonary examinations were generally normal. (Tr. 26). The ALJ found that overall, the evidence reflected few, if any, significant findings related to Plaintiff's obesity. (Tr. 26). The ALJ nonetheless included limitations in the RFC for Plaintiff's obesity. (Tr. 26).

The ALJ found the opinions of Drs. Stephens and Scanameo partially persuasive and adopted some of their findings in the RFC. (Tr. 25).[2] The ALJ considered their opinions, the objective medical evidence, and the treatment records. (Tr. 25). The ALJ discussed these doctors' objective findings about the results of the x-rays and also considered treatment records that did not support the limitations they found. (*Compare* Tr. 25, *with* Tr. 79, 93). The record was sufficiently developed for the ALJ to assess Plaintiff's RFC. And the responsibility to formulate the RFC lies with the ALJ. Thus, the ALJ considered the opinions of Drs. Stephens and Scanameo and found their limitation findings more restrictive than supported by the medical

---

[2] In addition, Plaintiff did not raise any issue as to the ALJ's persuasiveness findings for Drs. Stephens and Scanameo's opinions nor did Plaintiff raise an issue about the ALJ's subjective complaint findings. Consequently, Plaintiff waived these issues on appeal. *See Simpson v. Comm'r of Soc. Sec.*, 423 F. App'x 882, 885 (11th Cir. 2011) (finding in a social security case, issues not raised before the district court are waived)).

records. The only issue raised is whether the ALJ erred in substituting her opinion for that of Drs. Stephens and Scanameo. She did not. Substantial evidence supports the ALJ's RFC determination.

### III.  Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on July 24, 2023.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties